# United States District Court
# District of New Hampshire



U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2014 JAN -2 P 12: 29

__Keyonuta T. Norful__
Plaintiff

v.

__New Hampshire Department of Corrections__
Defendant(s)
PPO Ian Stronger
PPO Jason Wirth
Commissioner William Wrenn
Warden Richard Gerry

Civil Action No. __13-fp-4__
(To be provided by Clerk's Office)

**TO BE COMPLETED BY PLAINTIFF**
(Check One Only)
(✓) DEMAND FOR JURY TRIAL
(_) NO JURY TRIAL DEMAND

## COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C § 1983

I. <u>Parties</u>

A. Please provide the following information for each plaintiff:

1. Name __NORFUL__  __KEYONUTA__  __T.__
   (Last)              (First)              (Initial)

2. Place of Detention __New Hampshire State Prison__

3. Institutional Address __P.O. Box 14 - Concord, N.H.__
   __03302-0014__

4. Are you incarcerated pursuant to a pretrial detention order or are you a sentenced inmate?

   ☐ Pretrial Detention Order
   ☑ Sentenced Inmate

5. Date pretrial detention order was issued or sentence imposed __September 13, 2010__

B. Please provide the full name, current title and address known for each defendant:

1. Name _____
           (Last)             (First)            (Initial)

2. Title _____

3. Address _____

_____

(If the complaint is being made against more than one defendant, please attach additional sheets listing the above information and allegations as follows.)

II.    Statement of Claim

For each claim, please include the following information on attached sheets:

1. State which of your federal constitutional or federal statutory rights have been violated.

2. State which defendant(s) have violated that particular right for each allegation.

3. State, with specificity, the facts and circumstances that gave rise to the violations or deprivations alleged.

4. State the harm or damage that resulted from the alleged violation or deprivation.

Allegation 1: _____

_____

Supporting *Facts*:

Allegation 2: _____
_____

Supporting *Facts*:




Allegation 3: _____
_____

Supporting Facts:




(If more space is needed to explain any allegation or to list additional facts, attach additional pages)

III.  Relief

You must request specific relief in your Complaint. State briefly exactly what you want the court to do for you (attach additional pages if necessary):




Date: 9/27/2013                                   _____
                                                  Signature of Plaintiff

USDCNH-11 (Rev. 5/07)(previous editions obsolete)                 Page 5

State of New Hampshire ]
] ss
County of Hillsboro ]

_____, being first duly sworn, upon oath, presents that (s)he has read and subscribed to the foregoing complaint, and states that the information contained therein is true and correct to the best of his/her knowledge and belief.

Subscribed and sworn before me this 27 day of December, 20 13.

_____
Notary Public/Justice of the Peace

TRICIA ANN LYNN
NOTARY PUBLIC
NEW HAMPSHIRE
MY COMMISSION EXPIRES APRIL 3, 2018

**O R**

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

12/27/2013
DATE

_____
SIGNATURE

### JURY TRIAL DEMAND

I demand a jury trial for all claims for which a jury trial is allowed.

YES (✓)   NO ( )
**(check one only)**

Date: 12/27/2013

_____
Signature of Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

**Instructions for Filing a Complaint by a Prisoner
Under the Civil Rights Act, 42 U.S.C. § 1983**

I. <u>42 U.S.C. § 1983</u>

You may file an action under 42 U.S.C. § 1983 to challenge federal constitutional or statutory violations by state actors. Lawsuits challenging the conditions of your confinement are generally filed under this statute. A § 1983 action may not be used to challenge the length of your sentence or the validity of your conviction.

II. <u>Filing a § 1983 Action</u>

To file a § 1983 action, you must submit: (1) an original complaint and (2) a filing fee of $350.00 (by money order or cashier's check made payable to "Clerk, U.S. District Court") <u>or</u> an original Prisoner's *In Forma Pauperis* Application.

This packet includes a complaint form and a Prisoner's *In Forma Pauperis* Application. When these forms are fully completed, mail the <u>originals</u> to: Office of the Clerk of Court, United States District Court for the District of New Hampshire, Warren B. Rudman United States Courthouse, 55 Pleasant Street, Room 110, Concord, NH 03301-3941.

III. <u>Filing Fees</u>

The filing fee for each Plaintiff in a § 1983 action is $350.00, to be paid at the time of filing. If you are unable to pay the full filing fee at this time, you may apply to proceed *in forma pauperis*, using the Prisoner's *In Forma Pauperis* Application in this packet. You must fully complete the application and sign and declare under penalty of perjury that the facts stated therein are true and correct.

If the complaint contains more than one inmate plaintiff, each plaintiff must submit a separate Prisoner's *In Forma Pauperis* Application or filing fee. Inmate plaintiffs must use the Prisoner's *In Forma Pauperis* Application provided with this packet and not any other version.

IV. <u>Complaint Form</u>

The Complaint must be typewritten or legibly handwritten and you must sign and declare under penalty of perjury that the facts stated in the complaint are true and correct. Each plaintiff must sign the complaint.

USDCNH-11 (Rev. 5/07)(previous editions obsolete)                                                                Page 1

V.   Pro Se Litigation - Individual and Class Action Lawsuits

As a *pro se* litigant, you are representing only yourself and presenting only your claims and defenses. Under the law, you cannot speak for another person, or other entity. You may not represent a class of people in a class action lawsuit. See Local Rule 83.2(d) & 83.6(b). A *pro se* litigant may not authorize another person who is not a member of the bar of this court to appear on his or her behalf. Each *pro se* litigant must sign the complaint and all additional pleadings filed with the court on his or her behalf.

In order to assist *pro se* litigants, the Court has compiled the Pro Se Litigant Guide, which should be available in the libraries of all New Hampshire correctional facilities. If your facility does not have a copy, the Court will mail you a copy upon request.

VI.  Exhaustion of Administrative Remedies

Under 42 U.S.C. § 1997e, you are required to exhaust your administrative remedies before filing a § 1983 action regarding conditions of confinement and other issues relating to prison life. Failure to exhaust administrative prison grievance procedures prior to filing your complaint may result in the dismissal of any unexhausted claims.

VII. Change of Address After Complaint is Filed

You will be notified as soon as the court issues any order in your case. It is your responsibility to keep the court informed of any changes of address to ensure you receive court orders. Failure to so do may result in dismissal of your action.

VIII. Copying Requests

Please note that the Office of the Clerk of Court charges fifty cents (.50¢) per page for all copy requests. Thus, we recommend that you keep copies of all documents submitted to the court for your own records.

USDCNH-11 (Rev. 5/07)(previous editions obsolete)                                    Page 2

Complaint Under The Civil Rights Act 42 USC § 1983

B) Please provide the full name, current title and address known for each defendant:

✱ 1 New Hampshire Department of Corrections
2 Dover District Office - New Hampshire State Prison
3 Dover District Office - Strafford County Courthouse - 259 County Farm Road, Suite 104 - Dover, New Hampshire 03820

✱ 1 Ian Stringer
2 Probation/Parole Officer
3 Dover District Office - Strafford County Courthouse - 259 County Farm Road, Suite 104 - Dover, New Hampshire 03820

✱ 1 Jason Wirth
2 Probation/Parole Officer
3 Dover District Office - Strafford County Courthouse - 259 County Farm Road, Suite 104 - Dover, New Hampshire 03820

✱ 1 William Wrenn
2 Commissioner of Corrections
3 New Hampshire Department of Corrections - Commissioner of Corrections - P.O. Box 1806 - Concord, New Hampshire 03302

✱ 1 Richard Gerry
2 Warden of Corrections
3 New Hampshire Department of Corrections - Warden of Corrections - P.O. Box 14 - Concord, New Hampshire 03302

II. Statement of Claim

1. My right of Amendment IV - Protection from unreasonable search and seizure, Amendment VIII - Excessive bail or fines; cruel and unusual punishment, And Amendment XIV - Citizenship rights not to be abridged were all violated in this incident. The Due Process Clause and the knock-and-announce procedure were also violated in this incident.

2. Probation/Parole Officer's Ian Stringer and Jason Wirth violated my rights of Amendment IV, Amendment VIII, and Amendment XIV. They both also violated the Due Process Clause and the knock-and-announce procedure.

3. On October 8, 2012 Probation/Parole Officer's Ian Stringer and Jason Wirth kicked in the door to my home at 227 Lilac Lane-Dover, New Hampshire 03820 while I was not home and performed an illegal search without a warrant or myself being present.

4. The door to my home was broken and still is due to a "Breaking & Entering" by Probation/Parole Officer's Ian Stringer and Jason Wirth. I served over 60 days in Concord State Prison due to the warrant that stemmed from a false report made by Ian Stringer and Jason Wirth. My engagement to be married was terminated due to stress created by this incident. I was also deprived of getting the proper medical treatment for an automobile accident and a work related injury. My children also suffer from fear and nightmares.

Allegation 1:

The door to my home was kicked in by Ian Stringer and Jason Wirth on October 8, 2012 without a search warrant or myself being present and an illegal search was performed.

Supporting Facts:

Ian Stringer and Jason Wirth both admitted to me that they kicked my door down. They both also made a report to the Dover Police Department stating that they broke my door down and then later on had the report changed to state that a "3rd party" was involved to cover up the incident on their behalf. Ian Stringer issued a warrant for my arrest and made a false report that I fled which led to a violation of parole for me and confirmed that he and Jason Wirth kicked my door in. I also have witnesses to the incident who saw Ian Stringer and Jason Wirth in the act. Those witnesses are Tyrone Tillman of Dover, New Hampshire, Christopher Allen of Portsmouth, New Hampshire, Darcy McCabe of Sanford, Maine, and the residents of 228 Lilac Lane - Dover, New Hampshire who also made a report to the Dover Police Station of "Suspicious Activity" at my home on October 8, 2012.

Allegation 2:

Probation/Parole Officer's Ian Stringer and Jason Wirth both made false reports that I fled from the scene during the incident which gave me a parole violation instead of the 7 day sanction which I was suppose to serve for a DUI. After evidence and witnesses were brought forth to where I could prove that the report was false those particular violations were then dropped and I was still given a parole violation to where I served 63 days in the New Hampshire State Prison. Ian Stringer and Jason Wirth also made another false report that a "third party" was involved to cover up their actions in the incident that took place on October 8, 2012.

Supporting Facts:

I have documents that show that I was violated for parole and a warrant was issued for me due to this incident. I have witnesses to the incident as well as a report made to the Dover Police Department by my neighbors of 228 Mae Lane - Dover, New Hampshire. I also have reports made by Ian Stringer and Jason Wirth to the Dover Police Department as well.

Allegation 3:

Commissioner William Wrenn and Warden Richard Gerry both ignored my attempts to notify them of the situation and failed to justify the incident which I believe displays "unprofessionalism" on their behalf.

Supporting Facts:

I sent "letters", "request slips", and "Grievance forms" concerning the issue to Commissioner William Wrenn and Warden Richard Gerry. Neither Commissioner Wrenn nor Warden Gerry replied to me within the 30 day period that the prison manual stated they had to respond to my "Grievance".

## III. Relief

I would like $500,000.00 to accomodate for pain and suffering as well as future pain and suffering for my 3 children, Roula Charios, and myself all residents of 227 Lilac Lane - Dover, New Hampshire. I was deprived of getting the proper medical treatment that I need and therefore could not collect on an automobile accident insurance claim worth $50,000.00 for personal injury and a workers comp claim worth $30,000.00 due to the aftermath of this incident lasting for 14 months. I would also like $1000.00 a day for being unlawfully imprisoned for over 200 days at Rockingham County Jail and New Hampshire State Prison because of this incident. I would like $210,000.00 for the

time that I spent incarcerated. I was engaged to be married prior to this incident taking place. Due to seperation and unnecessary stress my engagement was Abandoned by my partner. I am seeking $100,000.00 in damages for deprivation of my liberty to be engaged. I would also like to demand $10,000.00 for the damage to the door of my home, unnecessary childcare for my children due to my absence, And living expenses while I was incarcerated. That brings forth a total Relief Demand of $900,000.00.

\* Civil Cover Sheet - Related Case
Davis V. Canyon County, Idaho
Docket#- 09-0107
Judge: Edward J. Lodge

\* Miller V. Commissioner of Corrections